UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

Civil Action No. 15-29-HRW

DIVERSICARE LEASING CORP. d/b/a
WURTLAND NURSING & REHABILITATION CENTER;
OMEGA HEALTHCARE INVESTORS, INC.;
DIVERSICARE HEALTHCARE SERVICES, INC.;
and DIVERSICARE MANAGEMENT SERVICES, CO,                    PLAINTIFFS,

v.                    MEMORANDUM OPINION AND ORDER

ANNETTE HALL,
Executor of the Estate of ALLIENE MENSHOUSE,                DEFENDANT.

This matter is before the Court upon Defendant's Motion for Relief [Docket No. 15] and Defendant's Motion for Leave to File Supplemental Authority [Docket No. 17].

On April 17, 2015, Defendant filed in the Circuit Court of Greenup County, Kentucky, Case No. 15-CI-00158, a negligence, medical negligence, corporate negligence, violation of long term care resident's rights, and wrongful death action against Diversicare Leasing Corp. d/b/a Wurtland Nursing and Rehabilitation Center; Diversicare Healthcare Services, Inc. f/k/a Advocat, Inc.; Diversicare Management Services, Omega Healthcare Investors, Inc.; Cindy Salyers, in her capacity as Administrator of Wurtland Nursing and Rehabilitation Center; Nathan Carder, in his capacity as Administrator of Wurtland Nursing and Rehabilitation Center; Sarah Willis, in her capacity as Administrator of Wurtland Nursing and Rehabilitation Center; and John Does 1 through 5. On May 16, 2015, Diversicare Leasing Corp. d/b/a Wurtland Nursing & Rehabilitation

Center; Omega Healthcare Investors, Inc.; Diversicare Healthcare Services, Inc.; and Diversicare Management Services Co., filed a Complaint in the instant matter asserting breach of contract and seeking to enforce, pursuant to the Federal Arbitration Act, an arbitration agreement purportedly signed by Michelle Thompson. This Court compelled arbitration and enjoined Defendant from proceeding in the underlying Greenup County Circuit Court case, Case No. 15-CI-00158, in an Order dated November 24, 2015.

Defendant asks this Court to reconsider its order.

The standards for reconsideration are necessarily high. There are only three grounds for a district court to amend its judgment: (1) to accommodate an intervening change in controlling laws; (2) to account for new evidence not available previously; and (3) to correct a clear error of law or to prevent manifest injustice. *Berridge v. Heiser*, 993 F. Supp. 1136, 1146-47 (S.D. Ohio 1997).

This Court finds that none of these reasons are presented by Defendant. She does not offer any new fact on which the Court may find reconsideration appropriate. Nor is there manifest injustice which must be corrected in this record.

As for the supplemental authority provided by Defendant, it does not establish any new law and has no bearing on this case. Despite Defendant's attempt to compare the holding in *Richmond Health Facilities v. Nichols*, 811 F.3d 192 (6th Cir. 2016) to the issues in the present case, the Sixth Circuit in *Nichols* never addressed the issue of whether an agent was authorized to enter into an arbitration agreement on behalf of a principal. Indeed, the agreement in that case was signed by the decedent rather than an agent. Here, in contrast to *Nichols*, a wrongful death beneficiary, Michelle Thompson, did, in fact, sign the arbitration agreement and "was thus a party to it." The

Arbitration Agreement clearly states that "[t]he Facility and the Resident and/or Resident's Authorized Representative understand and agree that any legal dispute, controversy, demand, or claim that arises out of or relates to the Resident Admission Agreement or is in any way connected to the Resident's stay at the Facility…shall be resolved exclusively by binding Arbitration."

Further, the Admission Agreement, also signed by Thompson, stated that "the facility and the resident or the resident's authorized representative . . . wish to agree now, in advance, to submit any disputes that may arise between the parties . . . to binding arbitration instead of court litigation."

Therefore, Thompson, a wrongful death beneficiary, personally entered into an agreement to arbitrate future wrongful death claims arising out of Ms. Menshouse's residency. As such, the holding in *Nichols* has no bearing on this case. Moreover, *Nichols* does not establish any new substantive law, and, therefore, does not provide grounds for reconsideration.

A Rule 59 motion is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 1998 WL 288685 (6th Cir. June 5, 1998) (citing *FDIC v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)). This is insufficient for this Court to disturb its original ruling.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Relief [Docket No. 15] be **OVERRULED** and Defendant's Motion for Leave to File Supplemental Authority [Docket No. 17] be **SUSTAINED**.

This 8th day of August, 2016.



Signed By:
*Henry R. Wilholt, Jr.*
United States District Judge